**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR AUGUSTO OSPINO GUARDO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.: 3:26-cv-02187-RBM-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Cesar Augusto Ospino Guardo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.   BACKGROUND

Petitioner, a citizen of Colombia, applied for an appointment on the CBP One application and on December 14, 2024, received a notification that his appointment was set for December 29, 2024.  (*Id*. ¶¶ 1, 35.)  On December 29, 2024, Petitioner appeared at the El Paso, Texas port of entry for his scheduled appointment and was released into the United States on conditional parole under 8 U.S.C. § 1226(a) that same day.  (*Id*. ¶¶ 2, 42; Doc. 4 at 2.)

1

On February 24, 2025, Petitioner's immigration case was closed by an immigration judge for failure to prosecute. (Doc. 1 ¶ 3.) In July 2025, Petitioner was detained by Respondents. (*Id.* ¶¶ 2, 4.) On November 4, 2025, Petitioner filed an asylum application. (*Id.* ¶ 5.) Petitioner's asylum application was denied on January 29, 2026. (*Id.* ¶ 6.) Petitioner filed an appeal before the Board of Immigration Appeals ("BIA") on February 11, 2026, which remains pending. (*Id.*)

On April 7, 2026, Petitioner filed the instant Petition. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 2), Respondents filed a Response to the Petition on April 17, 2026. (Doc. 4.) Petitioner has not filed an optional reply as of the date of this Order.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his detention violates the Fifth Amendment's Due Process Clause and 8 U.S.C. § 1226(a). (Doc. 1 ¶¶ 38–42.) Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)." (Doc. 4 at 2.) "However, [Respondents] acknowledge[ ] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" and "on that basis . . . do[ ] not oppose the [P]etition and defer[ ] to the Court on the appropriate relief." (*Id.* at 2–3.)

2

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on conditional parole and re-detained several years later. In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see Penagos-Alvarez v. LaRose*, Case No.: 3:26-cv-00865-RBM-MSB, 2026 WL 539340 (S.D. Cal. Feb. 26, 2026). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

In this case, Petitioner was "paroled into the United States" pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 1 ¶¶ 2, 42; Doc. 4 at 1.) "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Petitioner also claims, and Respondents do not dispute, that he has not been provided with a bond hearing before a neutral decision maker during his time in detention. (Doc. 1 ¶ 37.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary framework; and (2) ICE's revocation of Petitioner's release on conditional parole without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful. *See Faizyan*, 2025 WL 3208844, at *7. Accordingly, the Petition is **<u>GRANTED</u>**.

### IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting conditional parole.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE:  May 4, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-02187-RBM-SBC